## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **SAFENET, INC.** | § | |
| | § | |
| **Plaintiff,** | § | **CASE NO. 6:15-CV-97-RWS-KNM** |
| | § | |
| **v.** | § | **JURY DEMANDED** |
| | § | |
| **UNILOC USA, INC. & UNILOC** | § | |
| **LUXEMBOURG, S.A.** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On September 2, 2015, Defendants Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively "Uniloc") filed Objections to the Magistrate Judge's Report and Recommendation Denying Uniloc's Motions to Dismiss (Doc. No. 69). Plaintiff SafeNet filed a Response to Objections on September 9, 2015 (Doc. No. 70). Having made a *de novo* review of the written objections filed by Defendant, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. For the reasons below, Uniloc's Objections are **OVERRULED.**

Uniloc raises three categories of objections: (1) the declaratory judgment action is improper under the first-to-file rule; (2) there is no case or controversy; and (3) the Complaint insufficiently pleads Counts IV through VII. The Report and Recommendation thoroughly discusses the discretionary nature of the first-to-file rule and its inapplicability when both cases

are filed in the *same* federal court. Doc. No. 66 at 8-9. It is not necessary to restate that discussion here to affirm the veracity of those conclusions.

Uniloc spends most of its time arguing that there is no case or controversy to establish declaratory judgment jurisdiction. As a threshold matter, Uniloc confuses the scope of evidence that can be considered for dismissal under 12(b)(1) and 12(b)(6)[1]. As the Report and Recommendation notes, Uniloc never identified the Rule under which it moved for dismissal based on a lack of case or controversy. Doc. No. 66 at 17 n. 8. The Court treated that portion of Uniloc's motion as a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Id.* Uniloc did not dispute this characterization in its Objections. As such, the Report correctly concluded, "[w]hen ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Doc. No. 66 at 6; *Den Norske Stats Oljeselskap As v. HeereMac VOF*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Therefore the Court is able to look beyond just the complaint and attached documents when deciding a motion under 12(b)(1).

Even though the Court is permitted to look beyond the Complaint, the evidence relied upon in the Report can also be found in the Complaint. Uniloc contends that the Report "relies heavily on evidence admittedly found only in Uniloc's infringement contentions against the

---

[1] Uniloc contends that the Report erred in concluding that the requisite knowledge for induced infringement can be inferred from evidence outside the pleadings. Doc. No. 69 at 5. The case Uniloc cited for this proposition, *Collins*, states what the Court is allowed to consider on a motion to dismiss for failure to state a claim under 12(b)(6), not for a motion to dismiss for lack of subject-matter jurisdiction under 12(b)(1). *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The Court may consider matters "outside the pleadings to resolve a factual challenge to subject-matter jurisdiction." *Young v. Vannerson*, 612 F. Supp. 829, 837 (S.D. Tex. 2009). Both 12(b)(1) and 12(b)(6) motions are reviewed to determine whether the plaintiff cannot prove any set of facts in support of a claim that would entitle plaintiff to relief. *Benton v. U.S.*, 960 F. 2d 19, 21 (5th Cir. 1992).

'SafeNet customers' in the first-filed action." Doc. No. 69 at 5 (citing Doc. No. 66 at 18-19). This evidence, stated in the Report, concludes that Uniloc identifies SafeNet's Sentinel as satisfying at least one essential element for asserted Claim 18. Doc. No. 66 at 18-19. This information is also found in the Complaint. ("Uniloc's allegations of infringement against the SafeNet Customers are directed to SafeNet Customer products that implement SafeNet's Sentinel RMS solution." Doc. No. 1 ¶ 24).

The Report details the legal requirements necessary to have standing to bring a declaratory judgment action. A declaratory judgment action, such as this, presents a different viewpoint from a typical motion to dismiss. The issue here is not, as Uniloc has characterized it, whether SafeNet pled sufficient facts of every element of inducement of infringement such that Uniloc, if it had filed the claim against SafeNet, would plausibly have a claim for relief and survive a motion to dismiss (in essence a reverse-*Twombly* pleading burden). Rather, the proper inquiry is whether SafeNet has pled sufficient facts such that it is reasonable that Uniloc could potentially bring a claim of inducing infringement against SafeNet at a later date. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007). SafeNet is not required to meet what Uniloc's pleading burden would have been had Uniloc filed the claim; rather the Court looks to see whether there is a reasonable potential that a claim of indirect infringement could have been brought by Uniloc against SafeNet. Indeed holding SafeNet to the standard that Uniloc proposes would subvert the purpose of declaratory judgment actions. It would mean that even though SafeNet believes it did not infringe and thus wants a declaration of non-infringement, the only way SafeNet can prove standing to get that declaration would be to plead sufficient facts such that it would be possible to maintain a claim against them for infringement. It would seem convoluted to require a declaratory-judgment plaintiff to plead facts that would show their

liability when the exact purpose of the declaratory action is to state that there is no liability. This is not the test, nor should it be. SafeNet merely must "show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127. There is no bright-line legal rule to determine whether "a justiciable controversy is raised in an action seeking a declaration of patent non-infringement or invalidity" under the Declaratory Judgment Act. *Id.* The determination must be made on a case-by-case basis. *Id.*

With this viewpoint in mind, and the standards required by 12(b)(1), there is sufficient evidence in the record to show that Sentinel forms a central basis for Uniloc's infringement theory in the customer suits and thus SafeNet could have a reasonable apprehension of suit[2]. "When a holder of a patent with system claims accuses a customer of direct infringement based on the customer's making, using or selling of an allegedly infringing system in which a supplier's product functions as a material component, there may be an implicit assertion that the supplier has indirectly infringed the patent." Doc. No. 66 at 17; *Arris Group, Inc. v. British Telecommunications PLC*, 639 F.3d 1368, 1375 (Fed. Cir. 2011). This case presents a similar situation: Uniloc has not brought suit against SafeNet specifically. Instead, Uniloc has accused SafeNet's customers of direct infringement and plainly identifies Sentinel, SafeNet's product, as embodying numerous elements of the asserted claims. This provides an implicit assertion that SafeNet indirectly infringed the patent. Therefore, there is a controversy as to whether SafeNet induced infringement and is liable for past damages and thus a declaratory judgment action is proper.

---

[2] The Supreme Court has rejected the "reasonable-apprehension-of-suit" test as the *sole* test for determining a justiciable controversy, but it is still one of the many ways that a declaratory-judgment plaintiff can satisfy the existence of jurisdiction. *Caraco Pharm. Labs. Ltd. v. Forest Labs.*, 527 F.3d 1278, 1291 (Fed. Cir. 2008).

Uniloc's final objection goes to the sufficiency of the pleading of Counts IV through VII. Uniloc has raised no new arguments in its Objections. At this stage, the Court is not engaging in an analysis of disputed facts. The question is simply whether SafeNet pled sufficient facts that, if taken as true, plausibly show a claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007). SafeNet has done so and the Report has thoroughly detailed the facts alleged, where they are located in the Complaint, and how they satisfy the pleading standard.

Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation (Doc. No. 66). It is

**ORDERED** that Uniloc's Motions to Dismiss (Doc. Nos. 20 & 29) are **DENIED WITH PREJUDICE**.

**SIGNED this 17th day of November, 2015.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE